# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# AT MEMPHIS

AMANDA HUCKABY                                                    PLAINTIFF

v.                                                                Cause No.:
                                                                  JURY DEMANDED

CITY OF MEMPHIS, TENNESSEE; MEMPHIS
POLICE DEPARTMENT, A DIVISION
OF THE CITY OF MEMPHIS, TENNESSEE;
MICHAEL RALLINGS, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY AS DIRECTOR OF THE
MEMPHIS POLICE DEPARTMENT; MICHAEL
SMITH, INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS AN OFFICER IN THE
MEMPHIS POLICE DEPARTMENT;
AND JOHN DOES 1-10                                                DEFENDANTS

## COMPLAINT

COMES NOW, Plaintiff, Amanda Huckaby, by and through the undersigned counsel, and files this Complaint for damages arising from Defendants' violation of her civil rights, stating unto the Court as follows:

### I. JURISDICTION & VENUE

1. This Court has original jurisdiction over the federal questions presented in this case pursuant to 28 U.S.C. §1331, and over the civil rights claims made in this case pursuant to 28 U.S.C. §1343. Original jurisdiction also exists pursuant to 28 U.S.C. §1332 as there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper pursuant to 28 U.S.C. §1391 as the named defendants reside in this judicial district and a substantial

part of the events or omissions giving rise to the claims made in this case occurred in this judicial district.

## II. PARTIES

2. Plaintiff Amanda Huckaby is and was at all relevant times an adult resident of DeSoto County, Mississippi.

3. Defendant City of Memphis, Tennessee is a municipality duly incorporated under the laws of the State of Tennessee, which may be served with process by delivering a Summons and copy of the Complaint to Bruce McMullen, City Attorney, 125 North Main Street, Memphis, Tennessee.

4. Defendant Memphis Police Department is a division of the City of Memphis, Tennessee, which may be served with process by delivering a Summons and copy of the Complaint to Michael Rallings, Director of the Memphis Police Department, 201 Poplar Avenue, 12th Floor, Memphis, Tennessee.

5. Defendant Michael Rallings is an adult resident of Shelby County, Tennessee, and was at all relevant times Director of the Memphis Police Department, acting in such capacity as an agent, servant and employee of the City of Memphis, Tennessee. Defendant Rallings is being sued in his individual as well as his official capacity and may be served with process at 201 Poplar Avenue, 12th Floor, Memphis, Tennessee.

6. Defendant Michael Smith is an adult resident of Shelby County, Tennessee, and at all relevant times was an Officer of the Memphis Police Department, acting in such capacity as an agent, servant and employee of the City of Memphis, Tennessee. Defendant Smith is being sued in his individual as well as his official capacity and may be served with process at 6304 Rockledge Lane, Bartlett, Tennessee.

## III. FACTUAL ALLEGATIONS

7. On April 16, 2016, Amanda Huckaby was a patron at the Purple Haze Night Club, 140 Lt. George W. Lee Avenue, Memphis, Tennessee.

8. The Purple Haze Night Club is located in the downtown entertainment district, or Beale Street area, of Memphis, Tennessee.

9. Ms. Huckaby is employed as a waitress in the downtown entertainment district and was at the Purple Haze Night Club socializing with friends after work.

10. Ms. Huckaby drank alcohol and became intoxicated while at the night club.

11. In the early morning hours of April 16, 2016, after becoming separated from her friends, Ms. Huckaby exited the night club.

12. While standing outside the night club premises, Ms. Huckaby became engaged in an argument with another patron.

13. The argument attracted a number of uniformed, armed officers of the Memphis Police Department who were acting under color of law and within the scope of their duties.

14. Ms. Huckaby had never met any of the officers prior to the encounter.

15. The officers were trained to look for signs of impairment based on their first-hand observations, including what they could see, hear and smell.

16. The officers were trained to look for, among other things, glassy or bloodshot eyes, fumbling fingers, unsteady stance, slurred speech, the odor of alcohol, admissions to drinking, inconsistent responses, and unusual statements or actions.

17. Ms. Huckaby was visibly intoxicated when she encountered the male officers in question and they should have recognized that she was exhibiting classic signs of impairment.

18. One of the male officers, Defendant Smith, grabbed Ms. Huckaby's right arm and pulled her forcibly away from the night club premises then ordered her to get into his squad car.

19. Ms. Huckaby was fearful of Defendant Smith, who was considerably larger and stronger than her, and who was both openly armed and cloaked in the authority of his office, even before she fully understood his motivations.

20. Given the circumstances, Ms. Huckaby reasonably believed she was under arrest and was not free to leave the squad car.

21. Ms. Huckaby began to cry and begged to be released from Defendant Smith's custody but Defendant Smith was wholly indifferent to her pleas and tears.

22. At least one of the other male officers, whose identity is unknown at this time, was aware Defendant Smith had taken unlawful, forceful custody of Ms. Huckaby and placed her inside his squad car without her consent.

23. The unidentified officer failed to intervene or immediately report Defendant Smith's conduct to others who might have intervened on Ms. Huckaby's behalf.

24. The voluntary and intentional actions or inactions of the unidentified officer amount to an implicit encouragement, authorization, approval and knowing acquiescence in the conduct of Defendant Smith, and reveal a generally accepted tolerance for such behavior on the part of the Memphis Police Department, its supervisors including Defendant Rallings, and the City of Memphis, Tennessee.

25. With Ms. Huckaby trapped inside his squad car, Defendant Smith drove to and entered the Lee Landing Garage, 1386 Vollintine Avenue, Memphis, Tennessee.

26. Defendant Smith drove his squad car to an isolated level of the parking garage where he believed his depraved actions would go unnoticed by the public.

27. Defendant Smith made illicit sexual demands of Ms. Huckaby.

28. Ms. Huckaby did not willingly consent to sexual contact with Defendant Smith, and was legally and factually unable to consent due to intoxication.

29. Defendant Smith falsely imprisoned, coerced, assaulted, and sexually battered Ms. Huckaby inside the Lee Landing Garage.

30. As an officer of the law, Defendant Smith was fully aware that intentionally touching Ms. Huckaby in a manner that a reasonable person would have regarded as extremely offensive or provocative amounted to an assault.

31. As an officer of the law, Defendant Smith was fully aware that having unlawful sexual contact with Ms. Huckaby through force or coercion while armed with a weapon amounted to aggravated sexual battery.

32. For the duration of his assault and sexual battery of Ms. Huckaby, Defendant Smith was armed, in uniform and acting under color of law within the scope of his duties as an agent, servant and employee of the Memphis Police Department and the City of Memphis, Tennessee.

33. Defendant Smith's actions were willful, malicious and intentional, evidence recklessness and gross negligence, and amount to a deliberate indifference for Ms. Huckaby's constitutionally protected civil rights.

34. Defendant Smith's mistreatment of Ms. Huckaby was intrusive, demeaning, and violated her personal integrity.

35. Defendant Smith's actions were designed and intended to cause extreme emotional distress and mental anguish to Ms. Huckaby.

36. Other officers of the Memphis Police Department, whose identities are unknown at this time, were in the vicinity of the Lee Landing Garage on April 16, 2016 while Defendant Smith was assaulting and sexually battering Ms. Huckaby.

37. The other officers knew or should have known Defendant Smith was engaged in an inappropriate encounter with, if not an assault and sexual battery of, Ms. Huckaby yet they failed to intervene or immediately report his conduct to others who might have intervened on her behalf.

38. The unidentified officer who was present when Defendant Smith first took forced custody of Ms. Huckaby sent a text message to Defendant Smith while the assault and sexual battery was occurring inside the Lee Landing Garage, asking whether he was going to come down and go to breakfast or "do her all night".

39. The voluntary and intentional actions or inactions of those officers on patrol in the downtown entertainment district on the morning of April 16, 2016 including, but not necessarily limited to the unidentified officer who sent the text message, amounted to an implicit encouragement, authorization, approval and knowing acquiescence in the conduct of Defendant Smith, and reveal a generally accepted tolerance for such behavior on the part of the Memphis Police Department, its supervisors including Defendant Rallings, and the City of Memphis, Tennessee.

40. Ms. Huckaby immediately reported the assault and sexual battery perpetrated upon her by Defendant Smith, and a rape kit was performed.

41. A Shelby County Grand Jury received and considered evidence of the numerous crimes allegedly committed by Defendant Smith against Ms. Huckaby, and returned an eight-

   count indictment against him for, among other charges, rape, sexual battery, official oppression, and official misconduct.

42. In March 2017, Defendant Smith agreed to plead guilty to one count of official misconduct pursuant to Tenn. Code Ann. §39-16-402, in exchange for a dismissal of the other charges against him.

43. A public servant commits the offense of official misconduct when, with intent to harm another, he intentionally or knowingly commits an act relating to his office or employment that constitutes an unauthorized exercise of official power; commits an act under color of his office or employment that exceeds his official power; or violates a law relating to his office or employment.

44. Defendant Smith's agreement to plead guilty to one count of official misconduct does not signify that the other charges against him are or were without merit.

45. Upon information and belief, a pervasive atmosphere or culture of civil rights abuse including, sexual harassment, sexual intimidation, sexual assault, sexual battery, and other official misconduct existed within ranks of the Memphis Police Department on and prior to April 16, 2016.

46. The Memphis Police Department, its supervisors including Defendant Rallings, and the City of Memphis, Tennessee knew or should have known on and prior to April 16, 2016 that such an atmosphere or culture existed, yet they failed to take reasonable and appropriate remedial action.

47. In particular, the Memphis Police Department, its supervisors including Defendant Rallings, and the City of Memphis, Tennessee failed to train, supervise, discipline, reassign or fire officers, including Defendant Smith, who participated or acquiesced in

the above described culture of civil rights abuse, and those who failed in their duty to intervene and/or report acts of official misconduct.

48. The failure of the Memphis Police Department, its supervisors including Defendant Rallings, and the City of Memphis, Tennessee to take reasonable and appropriate action to remedy the above described culture of civil rights abuse created or enhanced the risk of harm to Ms. Huckaby and other women.

49. The inaction of the Memphis Police Department, its supervisors including Defendant Rallings, and the City of Memphis, Tennessee, constituted a tacit authorization of Defendant Smith's conduct and amounted to an implicit encouragement, approval and knowing acquiescence in such conduct.

50. The above described failures of the Memphis Police Department, its supervisors including Defendant Rallings, and the City of Memphis, Tennessee demonstrate recklessness, gross negligence, and a deliberate indifference to the atmosphere or culture of official misconduct in question.

## IV. CAUSES OF ACTION

### COUNT I – FOUTH AMENDMENT VIOLATIONS

51. The allegations set forth in Paragraphs 1 through 50 of this Complaint are incorporated herein by reference.

52. The Fourth Amendment to the United States Constitution and Article I, Section 7 of the Tennessee Constitution protect citizens from unreasonable searches and seizures of their person by state actors, including law enforcement officers.

53. A seizure or detention that is reasonable at the outset violates the Fourth Amendment to the United States Constitution and Article I, Section 7 of the Tennessee Constitution when its intensity and scope become intolerable.

54. In other words, a law enforcement officer's interference with a person's constitutionally protected liberty interests must be both justified at its inception and reasonably related in scope to those circumstances justifying the interference.

55. Likewise, the nature and quality of any intrusion on an individual's Fourth Amendment interests must be weighed against the importance of the governmental interests alleged to justify the intrusion, if any.

56. The actions of Defendant Smith were taken while he was armed, in uniform, and acting under color of law within the scope of his duties as an agent, servant and employee of the Memphis Police Department and the City of Memphis, Tennessee.

57. The actions of Defendant Smith were intolerable, not related to any important governmental interest, not objectively reasonable, and constituted a violation of Ms. Huckaby's liberty interests, including the right to be free from seizure or detention, as guaranteed by the Fourth Amendment to the United States Constitution and Article I, Section 7 of the Tennessee Constitution.

58. Ms. Huckaby suffered damages as a direct and proximate result of Defendant Smith's violation of her constitutionally protected civil rights.

## COUNT II – FOURTEENTH AMENDMENT VIOLATIONS

59. The allegations set forth in Paragraphs 1 through 58 of this Complaint are incorporated herein by reference.

60. The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law."

61. The Due Process Clause of the Fourteenth Amendment to the United States Constitution substantively and effectively prohibits a state actor, including a law enforcement officer, from abusing governmental power or employing it as an instrument of oppression.

62. The protections afforded under the Fourteenth Amendment to the United States Constitution include a procedural due process right to personal liberty and a substantive due process right to bodily integrity.

63. The substantive due process right to bodily integrity seeks to ensure that no citizen ever suffers an offense to human dignity at the hands of a state actor, including a law enforcement officer.

64. A citizens' Fourteenth Amendment right to bodily integrity is violated when state power is used to facilitate a sexual assault, or to cause injuries bearing no relationship to the enforcement of the law.

65. The actions of Defendant Smith were taken while he was armed, in uniform, and acting under color of law within the scope of his duties as an agent, servant and employee of the Memphis Police Department and the City of Memphis, Tennessee.

66. The actions of Defendant Smith were abusive, oppressive, offensive to human dignity, and constituted a violation of Ms. Huckaby's procedural and substantive due process rights, including her rights to personal liberty, bodily integrity and privacy, as guaranteed by the Fourteenth Amendment to the United States Constitution.

67. Ms. Huckaby suffered damages as a direct and proximate result of Defendant Smith's violation of her constitutionally protected civil rights.

## COUNT III - SUPERVISORY LIABILITY

68. The allegations set forth in Paragraphs 1 through 67 of this Complaint are incorporated herein by reference.

69. The Memphis Police Department and its supervisors, including Defendant Rallings, failed to implement sufficient policies and procedures to safeguard against the constitutional injuries suffered by Ms. Huckaby.

70. Although the Memphis Police Department has a Policy and Procedures manual, it is insufficient to place officers on notice of their duty to report misconduct by a fellow officer or face a penalty and/or fails to describe the procedure for reporting misconduct by a fellow officer with sufficient and necessary detail; alternatively, the penalty for an officer's failure to report is so slight that the policy itself is a nullity.

71. The Memphis Police Department and its supervisors, including Defendant Rallings, failed to properly train their male officers, including Defendant Smith, for reasonably foreseeable interactions with intoxicated females such as Ms. Huckaby.

72. Although the Memphis Police Department offers training in the form of classes, seminars, lectures, and written materials, such training either does not address reasonably foreseeable interactions with intoxicated females or is insufficient to prepare male offices for such interactions.

73. The above described failures of the Memphis Police Department and its supervisors, including Defendant Rallings, constitute a deliberate indifference to the rights of persons with whom their officers may come into contact, including Ms. Huckaby.

74. Ms. Huckaby suffered damages as a reasonably foreseeable result of the actions or inactions of the Memphis Police Department and its supervisors, including Defendant Rallings.

### COUNT IV – MUNICIPAL LIABILITY

75. The allegations set forth in Paragraphs 1 through 74 of this Complaint are incorporated herein by reference.

76. The policies, customs, or practices of the City of Memphis, Tennessee caused the constitutional injury suffered by Ms. Huckaby.

77. The City of Memphis, Tennessee failed to properly oversee the Memphis Police Department, failed to ensure that the Memphis Police Department hired appropriate supervisors, failed to ensure that the Memphis Police Department implemented sufficient policies and procedures to safeguard against the constitutional injuries suffered by Ms. Huckaby, and failed to ensure that the Memphis Police Department was properly training its male officers, including Defendant Smith, for reasonably foreseeable interactions with intoxicated females such as Ms. Huckaby.

78. The above described failures of the City of Memphis, Tennessee constitute a deliberate indifference to the rights of persons with whom officers of the Memphis Police Department may come into contact, including Ms. Huckaby.

79. Ms. Huckaby suffered damages as a reasonably foreseeable result of the actions or inactions of the City of Memphis, Tennessee.

### COUNT V – INFLICTION OF EMOTIONAL DISTRESS

80. The allegations set forth in Paragraphs 1 through 79 of this Complaint are incorporated herein by reference.

81.  Ms. Huckaby suffered severe mental anguish and emotional distress as a result of Defendant Smith's violation of her constitutionally protected civil rights.

82.  Ms. Huckaby's mental anguish and emotional distress could have been avoided if the Memphis Police Department and its supervisors, including Defendant Rallings, had implemented sufficient policies and procedures to safeguard against the constitutional injuries she suffered and properly trained their male officers for reasonably foreseeable interactions with intoxicated females, and if the City of Memphis, Tennessee had properly overseen the Memphis Police Department.

83.  The mental anguish and emotional distress suffered by Ms. Huckaby was a reasonably foreseeable result of the actions or inactions of Defendant Smith, the Memphis Police Department and its supervisors, including Defendant Rallings, and the City of Memphis, Tennessee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Amanda Huckaby, demands judgment of and from Defendants in an amount sufficient to compensate her for her damages, economic and noneconomic, together with pre- and post-judgment interest, attorney's fees, court costs and all other relief to which she may be entitled.  A jury is demanded to try all issues.

Respectfully submitted,

AMANDA HUCKABY

/s/Dawn Davis Carson
H. SCOT SPRAGINS, BPR #020573
DAWN DAVIS CARSON, BPR #021416
HAL S. "HANK" SPRAGINS, BPR #030360
Hickman, Goza & Spragins, PLLC
119 South Main Street, Suite 500
Memphis, TN 38103; (901) 881-9840
sspragins@hickmanlaw.com
dcarson@hickmanlaw.com
hspragins@hickmanlaw.com