IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS

---

AMANDA HUCKABY,

    Plaintiff,

v.                                                                                  Case No.:     2:17-cv-02248-SHL-cgc
                                                                                     JURY DEMANDED

CITY OF MEMPHIS, TENNESSEE;
MEMPHIS POLICE DEPARTMENT, A
DIVISION OF THE CITY OF MEMPHIS,
TENNESSEE; MICHAEL RALLINGS,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS DIRECTOR OF THE MEMPHIS
POLICE DEPARTMENT; MICHAEL SMITH,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS AN OFFICER IN THE MEMPHIS
POLICE DEPARTMENT; AND JOHN
DOES 1-10;

    Defendants.

---

## DEFENDANT MICHAEL SMITH'S
## ANSWER TO PLAINTIFF'S COMPLAINT
## AND
## COUNTER-COMPLAINT FOR DAMAGES

---

Comes now the Defendant, Michael Smith ("Defendant Smith") and in response to Plaintiff, Amanda Huckaby's Complaint would state as follows:

1. Regarding jurisdiction and venue, the allegations contained in Paragraph 1 of the Complaint are admitted. It is denied that Defendant Smith committed any act to give rise to the course of actions alleged herein.

2. The allegations contained in Paragraph 2 of the Complaint are admitted.

3. The allegations contained in Paragraph 3 of the Complaint are admitted.

1

4. The allegations contained in Paragraph 4 of the Complaint are admitted.

5. The allegations contained in Paragraph 5 of the Complaint are admitted.

6. The allegations contained in Paragraph 6 of the Complaint are admitted.

7. The allegations contained in Paragraph 7 of the Complaint are admitted.

8. The allegations contained in Paragraph 8 of the Complaint are admitted.

9. Defendant Smith is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendant Smith is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 10 of the Complaint, therefore denies the same.

11. The allegations regarding Plaintiff's departure from the Club in Paragraph 11 of the Complaint are denied. Huckaby was ejected from the Club for causing a disturbance.

12. The allegations contained in Paragraph 12 of the Complaint are admitted.

13. The allegations contained in Paragraph 13 of the Complaint are admitted.

14. Defendant Smith is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 14 of the Complaint, therefore denies the same.

15. The allegations contained in Paragraph 15 of the Complaint are admitted.

16. The allegations contained in Paragraph 16 of the Complaint are admitted.

17. The allegations contained in Paragraph 17 of the Complaint are denied.

18. It is admitted that Defendant Smith restrained Plaintiff's arm when she attempted to strike another person, the remaining allegations contained in Paragraph 18 of the Complaint are denied.

19. It is denied that Plaintiff was fearful of Defendant Smith and that Defendant Smith had any ulterior motivations for Plaintiff to understand. The remaining allegations contained in Paragraph 19 of the Complaint are denied.

20. The allegations contained in Paragraph 20 of the Complaint are denied.

21. The allegations contained in Paragraph 21 of the Complaint are denied.

22. The allegations contained in Paragraph 22 of the Complaint are denied.

23. The allegations contained in Paragraph 23 of the Complaint are denied.

24. The allegations contained in Paragraph 24 of the Complaint are denied.

25. The allegations contained in Paragraph 25 of the Complaint are denied, except that it is admitted Defendant Smith drove Plaintiff to the Lee Landing Garage to pick up her car. The Lee Landing Garage is located at 200 South Second Street.

26. The allegations contained in Paragraph 26 of the Complaint are denied.

27. The allegations contained in Paragraph 27 of the Complaint are denied.

28. The allegations contained in Paragraph 28 of the Complaint are denied.

29. The allegations contained in Paragraph 29 of the Complaint are denied.

30. Defendant Smith is aware of the law as alleged in Paragraph 30 of the Complaint. It is denied that Defendant Smith committed an assault on Plaintiff.

31. Defendant Smith is aware of the law as alleged in Paragraph 31 of the Complaint. It is denied that Defendant Smith committed sexual battery of Plaintiff.

32. The allegations contained in Paragraph 32 of the Complaint are denied.

33. The allegations contained in Paragraph 33 of the Complaint are denied.

34. The allegations contained in Paragraph 34 of the Complaint are denied.

35. The allegations contained in Paragraph 35 of the Complaint are denied.

36. Defendant Smith is without knowledge of the whereabouts of "other officers." The remaining allegations contained in Paragraph 36 of the Complaint are denied.

37. The allegations contained in Paragraph 37 of the Complaint are denied.

38. Defendant Smith admits to receiving a test message, the remaining allegations contained in Paragraph 38 of the Complaint are denied.

39. The allegations contained in Paragraph 39 of the Complaint are denied.

40. It is denied that Defendant Smith assaulted or perpetrated a sexual battery upon Plaintiff. The Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 40 of the Complaint, therefore denies the same.

41. The allegations contained in Paragraph 41 of the Complaint are admitted.

42. It is admitted that Defendant Smith entered an Alford Plea to one count of official misconduct. It is denied that Defendant Smith was guilty of any of the alleged offenses.

43. The allegations of Paragraph 43 of the Complaint are legal conclusions that require no response; however, Defendant Smith denies he committed any such acts.

44. The allegations contained in Paragraph 44 of the Complaint are denied.

45. The allegations contained in Paragraph 45 of the Complaint are denied.

46. The allegations contained in Paragraph 46 of the Complaint are denied.

47. The allegations contained in Paragraph 47 of the Complaint are denied.

48. The allegations contained in Paragraph 48 of the Complaint are denied.

49. The allegations contained in Paragraph 49 of the Complaint are denied.

50. The allegations contained in Paragraph 50 of the Complaint are denied.

51. The allegations contained in Paragraph 51 of the Complaint are denied.

52. The allegations contained in Paragraph 52 of the Complaint are admitted.

53. The allegations contained in Paragraph 53 of the Complaint are legal conclusions that require no response. It is denied that Defendant Smith violated Plaintiff's Fourth Amendment Rights.

54. The allegations contained in Paragraph 54 of the Complaint are legal conclusions that require no response. It is denied that Defendant Smith violated Plaintiff's Fourth Amendment Rights.

55. The allegations contained in Paragraph 55 of the Complaint are legal conclusions that require no response. It is denied that Defendant Smith violated Plaintiff's Fourth Amendment Rights.

56. The allegations contained in Paragraph 56 of the Complaint are denied.

57. The allegations contained in Paragraph 57 of the Complaint are denied.

58. The allegations contained in Paragraph 58 of the Complaint are denied.

59. The allegations contained in Paragraph 59 of the Complaint are denied.

60. The allegations contained in Paragraph 60 of the Complaint are admitted. It is denied that Defendant deprived Plaintiff of her due process rights.

61. The allegations contained in Paragraph 61 of the Complaint are legal conclusions that require no response. It is denied that Defendant Smith violated Plaintiff's Fourteenth Amendment Rights.

62. The allegations contained in Paragraph 62 of the Complaint are legal conclusions that require no response. It is denied that Defendant Smith violated Plaintiff's Fourteenth Amendment Rights.

63.     The allegations contained in Paragraph 63 of the Complaint are legal conclusions that require no response. It is denied that Defendant Smith violated Plaintiff's Fourteenth Amendment Rights.

64.     The allegations contained in Paragraph 64 of the Complaint are legal conclusions that require no response. It is denied that Defendant Smith violated Plaintiff's Fourteenth Amendment Rights.

65.     The allegations contained in Paragraph 65 of the Complaint are denied.

66.     The allegations contained in Paragraph 66 of the Complaint are denied.

67.     The allegations contained in Paragraph 67 of the Complaint are denied.

68.     The allegations contained in Paragraph 68 of the Complaint are denied.

69.     The allegations contained in Paragraph 69 of the Complaint are denied.

70.     The allegations contained in Paragraph 70 of the Complaint are denied.

71.     The allegations contained in Paragraph 71 of the Complaint are denied.

72.     The allegations contained in Paragraph 72 of the Complaint are denied.

73.     The allegations contained in Paragraph 73 of the Complaint are denied.

74.     The allegations contained in Paragraph 74 of the Complaint are denied.

75.     The allegations contained in Paragraph 75 of the Complaint are denied.

76.     The allegations contained in Paragraph 76 of the Complaint are denied.

77.     The allegations contained in Paragraph 77 of the Complaint are denied.

78.     The allegations contained in Paragraph 78 of the Complaint are denied.

79.     The allegations contained in Paragraph 79 of the Complaint are denied.

80.     The allegations contained in Paragraph 80 of the Complaint are denied.

81.     The allegations contained in Paragraph 81 of the Complaint are denied.

82. The allegations contained in Paragraph 82 of the Complaint are denied.

83. The allegations contained in Paragraph 83 of the Complaint are denied.

84. All allegations of the Complaint that are not specifically admitted are hereinafter denied and strict proof thereof is demanded.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant requests that he be granted attorney's fees as well as costs and expenses pursuant to the provisions of 42 U.S.C. §1988 and as otherwise provided by law.

### THIRD AFFIRMATIVE DEFENSE

Defendant specifically reserves the right to amend this Pleading and plead further based on facts that become available during the discovery process.

WHEREFORE, having answered, Defendant prays that the Complaint be dismissed with costs assessed to the Plaintiff.

---

## DEFENDANT MICHAEL SMITH'S COUNTER-COMPLAINT FOR DAMAGES

---

Comes now the Counter-Plaintiff, Michael Smith, and files this Counter-Complaint for Damages against Counter-Defendant Amanda Huckaby.

1. Counter-Plaintiff, Michael Smith ("Smith") is a resident of Shelby County, Tennessee.

2. Counter-Defendant, Amanda Huckaby ("Huckaby") is a resident of Desoto County, Mississippi.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court under 28 U.S.C. §1332, because the parties are citizens of different states and the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

## FACTS

4. On April 16, 2016, Smith was employed as a police officer by the Memphis Police Department ("MPD"). Smith's precinct included the Beale Street Entertainment District of Downtown Memphis.

5. Smith was "flagged down" by Huckaby at the corner of Second Street and Lt. George W. Lee. Smith observed his partner, W. Davis parked at the corner and standing outside of his squad car, who had arrived prior to Smith. Huckaby asked Smith to attempt to locate her car keys that she had lost while a patron inside the Purple Haze Club. Smith attempted to locate Huckaby's keys, but was unsuccessful.

6. Upon exiting Purple Haze, Smith observed Huckaby in a verbal altercation with a male white. Smith observed Huckaby trying to strike the male at which time Smith restrained Huckaby's arm to prevent her from hitting the male and then instructed her to move away from him.

7. Upon information and belief, Huckaby had been a patron of the Purple Haze nightclub, but had been ejected by the nightclub for creating a disturbance.

8. Upon arriving at Purple Haze, Smith did not observe Huckaby to be intoxicated. There was no slurred speech, no watery bloodshot eyes, she was steady on her feet and she did not smell of intoxicants.

9. Huckaby walked with Smith back to the squad car, where Huckaby attempted to contact a Memphis Police Officer, whom Huckaby claimed she was having a sexual relationship.

10. It had long been the custom of officers patrolling the Beale Street Entertainment District to provide rides to employees who worked in the Entertainment District.

11. Huckaby stated she was an employee of Double JJ on Beale Street and had to be at work at 7:30 a.m.

12. Huckaby requested that Smith give her a ride to her vehicle, which was located at the Lee Landing Garage located at 200 South Second Street. Smith agreed to give Huckaby a ride to her vehicle at which time Huckaby freely and voluntarily entered the front passenger door of Smith's police cruiser and sat down.

13. Smith allowed her to sit in the front seat of his patrol car while they traveled to Lee Landing Garage.

14. Upon arriving at the Lee Landing Garage, Huckaby was in a talkative mood and engaged Smith in a conversation. Smith parked his patrol car in a parking slot with the front of the vehicle facing out into the garage. Smith backed his patrol car into the parking space with the video camera in the parking garage directly in the view of the driver's side of the squad car.

15. Huckaby stated that she had to use the restroom and requested Smith drive her to the roof of the garage where it was dark. Smith drove her to the roof of the Lee Landing Garage. Upon stopping the vehicle Huckaby exited the vehicle from the front passenger door, where she dropped her pants and began to urinate. Smith immediately exited the squad car and walked to the rear of the car where he was unable to see Huckaby.

16. Huckaby returned to the vehicle and to the surprise of Smith, had removed her pants but was still wearing her underwear. Huckaby reached across the computer equipment that

9

separated the driver and passenger side of the front seat and grabbed Smith's genitals. Smith told her to stop. Huckaby then requested that Smith engage in sexual intercourse with her in the front seat of the patrol car. Smith refused and advised Huckaby to put her pants back on.

17. Smith then drove Huckaby back down to her vehicle in the parking garage.

18. Smith received an alarm call at 6:35 a.m. that required him to leave. Smith advised Huckaby that if she wanted to wait at the bottom of the garage for him to return from the alarm call, they could go to Starbuck's for coffee/breakfast.

19. After Smith and his partner, W. Davis had answered the alarm call, he asked his partner if he wanted to go to Starbuck's for coffee. Davis advised that he wanted to go to Bluff City on North Main Street for breakfast. Smith returned to the Lee Landing Garage at 6:40 a.m. and Huckaby was waiting on him at the entrance.

20. Huckaby advised Smith that she needed cigarettes. Huckaby followed Smith to the Mapco located at 272 S. Danny Thomas Blvd. where she gave Smith money to go in and purchase her one (1) box of Marlboro No. 27 blend cigarettes. Smith returned to Huckaby's car, where she was waiting and he gave her the cigarettes.

21. Huckaby then followed Smith to Starbuck's, located at 201 South Third Street. They arrived at the Starbuck's at 6:48 a.m.

22. The parties entered Starbuck's and engaged in conversation while standing in line waiting to place their orders. Huckaby did not want to go to work and requested that Smith call her employer and tell the employer that she had been arrested. Huckaby asked Smith two (2) times for him to call her Manager and tell her Manager that Smith had arrested Huckaby and she would not be able to come to work at 7:30 a.m. Smith advised that he could not do that because Huckaby had not been arrested.

23. At approximately 7:12 a.m. the parties exited Starbuck's where Smith entered his patrol car and Huckaby entered her car. As Smith drove off, he observed Huckaby eating her breakfast sandwich and drinking her coffee.

24. Smith proceeded to the precinct where he logged out of service and drove home.

25. Later on the morning of April 16, 2016, Huckaby was discovered asleep.

26. At approximately 7:45 a.m. Smith called Huckaby's employer, Double JJ, to see if she had arrived to work that morning. Smith was advised by her Manager, that Huckaby had not come to work that morning.

27. Smith received two (2) separate calls from Huckaby's Manager.

28. At 10:58 a.m. on April 16, 2016, Huckaby called the Memphis Police Department and made a report that she had been raped or sexually assaulted by Smith.

29. On April 26, 2016, a Warrant was issued for Smith and Smith was arrested, indicted and charged with rape, sexual battery, official oppression, and official misconduct.

30. The Memphis Police Department performed an examination of Smith's and Huckaby's clothing for DNA.

31. The investigation revealed that Smith did not have Huckaby's DNA on his clothing.

32. The investigation revealed that Huckaby did not have Smith's DNA on her clothing.

33. An examination was made of Huckaby's body for evidence of DNA from Smith. The Memphis Police Department investigation revealed that Huckaby did not have Smith's DNA on her body.

34. As a result of the false allegations of Huckaby, Smith was forced to resign from the Memphis Police Department and pay for an expensive criminal defense of Huckaby's false allegations.

35. Having to undergo criminal prosecution for false allegations of rape, sexual battery and official oppression, created great emotional strain on Smith. He was forced to bear the emotional anguish of defending the false allegations of Huckaby, which took a toll on his mental health and as a result he was forced to obtain medical treatment, including obtaining antidepressants and anxiety medications.

36. As a result of the false allegations of Huckaby, which caused Smith's arrest, the criminal case became the subject of numerous news reports. Smith was forced to watch such reports as his good name was defamed by the false allegations of rape and sexual battery.

37. Statements made by Huckaby to the Memphis Police Department were false. Huckaby had attempted to engage in sexual touching of Smith, which Smith prevented. Huckaby had requested that Smith have intercourse with her, which Smith had refused. Smith did not detain or otherwise imprison Huckaby, as she was free to leave at anytime.

38. On March 10, 2017 all charges against Smith were dismissed except for official misconduct. Smith entered an Alford Plea on the charge of official misconduct.

## COUNT I

## MALICIOUS PROSECUTION

39. The allegations of Paragraphs 1- 38 of the Counter Complaint are realleged as if copied herein verbatim.

40. Plaintiff alleges that Defendant caused prosecution against Smith.

41. Smith alleges that Huckaby acted without probable cause, by causing the prosecution of Smith.

42. Smith alleges that Huckaby acted with malice in initiating the prosecution against Smith.

43. Smith alleges that malice may be inferred in this case because there was a lack of probable cause to initiate the prosecution and from the fact that a person or ordinary circumspection and diligence would have realized that Smith did not engage in any type of sexual activity with Huckaby.

44. Smith alleges that Defendant Huckaby acted maliciously because the facts viewed objectively at the time of the incident would not have led a reasonable person to believe that Smith was guilty of the crimes charged, in that Huckaby and Smith did not engage in any sexual activity.

45. Smith will allege that the criminal prosecution was terminated in his favor upon entry of the dismissal of the charges of rape, sexual battery and official oppression.

46. Smith alleges that as a result of the malicious prosecution, Smith has suffered compensatory and incidental damages.

## COUNT II

### FALSE ARREST AND IMPRISONMENT

47. The allegations of Paragraphs 1 – 46 of the Counter Complaint are realleged as if copied herein verbatim.

48. Huckaby failed to use reasonable care in making a report to the Memphis Police Department that Smith sexually assaulted her.

49. Huckaby's false report that Plaintiff Smith had sexually assaulted her set in motion the mechanism which approximately caused the arrest of Smith.

50. Huckaby knew that Smith was not guilty of sexually assaulting her, and an ordinary prudent person under similar circumstances would not have made the report to the Memphis Police Department, that caused the arrest of Smith.

51. As a result of the false arrest, Smith suffered compensatory and incidental damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Smith prays for a judgment of compensatory damages, actual damages and punitive damages.

Respectfully submitted,

**EVANS PETREE PC**

/s/ James Stephen King
James Stephen King (#13575)
Attorney for Michael Smith
1000 Ridgeway Loop Road, Suite 200
Memphis, TN 38120
(901) 474.6165

## CERTIFICATE OF SERVICE

I hereby certify that, on this the 30th day of May, 2017, a copy of the foregoing has been electronically filed with the Clerk of Court via the CM/ECF filing system, which shall send notification electronically of such filing to all counsel of record in this case.

/s/ James Stephen King
James Stephen King